## Parkins v. Harshman

Before Weiss, P. J., Keim and McCormick, JJ.

*Dent & Bloom*, for plaintiff.

*William F. Caruthers*, for defendant.

McCORMICK, J., May 14, 1968.—This case comes before the court en banc on plaintiff's motion to strike the appeal from a judgment of a justice of the peace, who had entered a judgment in his favor in the amount of $192.47.

The facts briefly reviewed reveal that plaintiff and defendant were involved in an automobile accident in Westmoreland County, Pa., involving damages to the

motor vehicle of plaintiff and defendant, respectively. Suit was instituted by plaintiff before Justice of the Peace Edmund J. McDonald, of Irwin, Westmoreland County, Pa., and a hearing was set for October 26, 1967, between the hours of 6 p.m. and 7 p.m. At the said hearing, judgment was rendered in favor of plaintiff. On November 3, 1967, defendant took an appeal from the judgment rendered against him. On December 6, 1967, plaintiff filed a motion to strike the appeal by reason of defendant's failure to post the required bond.

Upon appeal from judgments of justices of the peace and aldermen, two methods of entering bail are open to defendant:

"In lieu of the bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal from the judgments of aldermen and justices of the peace, and from the awards of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued, or that may be legally recovered in such cases against the appellants": Act of March 20, 1845, P. L. 188, 42 PS §921.

"That in all cases of appeal from the judgment of the alderman or justice of the peace, the said alderman or justice shall be entitled to demand and receive from the appellant the costs in the case, before making and delivery of the transcripts for said appeal; and if the appellant shall finally recover judgment in the case appealed, he shall be entitled to receive and collect from the adverse party the costs so as aforesaid paid on appeal; Provided, however, That if any appellant shall give good and sufficient bail absolute, for the payment of debt, interest, and costs that have and will accrue on affirmance of the judgment, the appellant shall not be required to pay any costs before taking an

appeal": Act of June 24, 1885, P. L. 159, as amended, 42 PS §928.

In this case, defendant pursued neither method of perfecting an appeal, as the transcript of the justice of peace reveals that no bail was ever posted.

A party appealing from a judgment of a justice of peace or alderman must enter into and file an appeal bond or recognizance in accordance with the statutory requirement, or his appeal will be dismissed.

Where defendant fails to enter bail for the payment of costs as required by section 921 or section 928 of 42 PS, such failure is not mere irregularities susceptible of amendment, but a fatal defect and the appeal will be stricken off: Kuhns v. Sack, 8 Westmoreland 113.

Though appellant has his option between the two sections of the act, a failure to pay the costs under one or the other is an incurable defect and an appeal will be quashed and stricken from the record, where appellant failed to enter into recognizance for appeal or made any effort to comply with aforementioned act.

Where a defective recognizance is filed, appellant is permitted to perfect the recognizance; but where no recognizance is filed, the appeal will be dismissed and struck off: Alpha Coal Co. Inc. v. Hittinger, 32 Northamp. 237.

Therefore, it is apparent to this court that when a defendant appeals from the judgment of a justice of peace and fails to post any bond, this failure to so do is an incurable defect and requires that the appeal be stricken.

We, therefore, enter the following:

### DECREE

And now, to wit, May 14, 1968, the motion to strike defendant's appeal is granted.